# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HADDRICK BYRD, | : |
|                 Petitioner, | :    CIVIL ACTION |
| v. | :    No. 91-432 |
| JEFFREY BEARD, et al., | : |
|                 Respondents. | : |

Goldberg, J.                                                                                               May 13, 2019

## MEMORANDUM

In 1975, Petitioner Haddrick Byrd, a Pennsylvania state prisoner, was convicted of second-degree murder and sentenced to life imprisonment plus ten to twenty years. In 1991, he filed a petition for writ of habeas corpus. The federal District Court denied relief and declined to issue a certificate of appealability.

Petitioner has now filed a Motion to Alter and/or Amend Judgment pursuant to Federal Rule of Civil Procedure 60(b). Upon consideration of the pending Motion, I find no basis upon which to grant the requested relief.

## I.     PROCEDURAL HISTORY

On June 9, 1975, a jury convicted Petitioner of second-degree murder, robbery, and criminal conspiracy. The Honorable Samuel Smith of the Philadelphia Court of Common Pleas sentenced Petitioner to life imprisonment on the murder conviction, plus ten to twenty years on the remaining counts. On July 3, 1980, the Pennsylvania Supreme Court affirmed the judgment of sentence.

Petitioner subsequently filed a PCRA petition. Following several hearings, the PCRA Court dismissed the petition. The Pennsylvania Superior Court affirmed this decision on appeal, and the Pennsylvania Supreme Court denied Petitioner's request for review.

On January 2, 1991, Petitioner filed a federal petition for writ of habeas corpus. The District Court denied the petition on March 2, 1992, and declined to issue a certificate of appealability.

Petitioner filed a second PCRA petition on May 19, 1994. The PCRA court dismissed the petition without a hearing. The Pennsylvania Superior Court affirmed on March 12, 1996, and, on August 7, 1996, the Pennsylvania Supreme Court denied allowance of appeal.

On November 6, 2013, Petitioner filed a third PCRA petition. The PCRA court dismissed the petition as untimely and, on July 14, 2017, the Pennsylvania Superior Court affirmed. On February 14, 2018, the Pennsylvania Supreme Court denied allowance of appeal.

On March 1, 2018, Petitioner filed the instant "Motion to Reopen His Habeas Corpus Petition Pursuant to Federal Rule of Civil Procedure, Rule 60(b) and 60(b)(4)." Respondents filed their response November 13, 2018, and Petitioner filed a Traverse on December 20, 2018.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered i n time to move for a new trial under Rule 59(b);

2

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); See also Gonzalez v. Crosby, 545 U.S. 524, 528 (2005) (Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence). "[L]egal error does not by itself warrant the application of Rule 60(b) . . . Since legal error can usually be corrected on appeal, that factor, without more, does not justify the granting of relief." Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004). Only extraordinary and special circumstances justify relief under Rule 60(b). Id.

## III. DISCUSSION

Petitioner seeks relief under Federal Rule of Civil Procedure 60(b)(4) and 60(d)(3), arguing that the state prosecutor's office committed fraud on the state courts when it proceeded to trial against him without formal notice of the charges having been filed. This Motion constitutes an improper successive habeas petition..

A Rule 60(b) motion that presents "new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's [Antiterrorism and Effective Death Penalty Act] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly-discovered facts." Gonzalez, 545 U.S. at 531(citing 28 U.S.C. § 2244(b)(2)). Thus, when a Rule 60(b) motion seeks to collaterally attack a petitioner's underlying conviction or to revisit the federal court's denial on

3

the merits of the claim, the motion should be treated as a successive habeas petition. Id. at 531–32. Under the AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A); Robinson v. Johnson, 313 F.3d 128, 139–40 (3d Cir. 2002).

To avoid this Rule, Petitioner argues that he also seeks relief under Federal Rule of Civil Procedure 60(d)(3), which provides that the restrictions on successive petitions do not limit a court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Petitioner asserts that the state prosecutor's action in failing to provide formal notice of the charges against him in state court "interfered and corrupted the manner in which the state and federal court proceedings were procured. Because the state and federal district court was prevented from performing its impartial task of adjudicating this case, and as a result the petitioner's habeas judgment was procured by fraud and continues to be carried-out by an officer of the court." (Pet.'s Traverse 3.) In turn, Petitioner argues that fraud on the federal habeas court is related to the integrity of the federal habeas proceeding, making such a claim proper on a Rule 60 motion.

Petitioner's Rule 60 Motion, however, cannot be fairly characterized as alleging fraud on the federal habeas court, such that the successive petition rule does not apply. The Supreme Court has held that a federal court has the inherent power to vacate its own judgment upon proof that a fraud has been perpetrated upon the court. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)). Fraud on the *federal* habeas court is not deemed an attempt to revisit the denial of the merits of a habeas petition. Gonzalez, 541 U.S. at 532 n.5. Rule 60(d), however, may not be used to allege fraud upon the *state* court in the underlying criminal proceeding. See Reardon v. Leason, 465 F. App'x 208, 210

(3d Cir. 2012) (holding that the petitioner could not use Rule 60(d)(3) to allege fraud upon the state court in the underlying criminal proceeding).

The gist of Petitioner's underlying claim is that the Commonwealth of Pennsylvania improperly brought him to trial without having formally charged him with a crime. This is an alleged defect in the state proceeding and does not constitute a fraud on the federal habeas court. Indeed, Petitioner identifies no error occurring in his federal habeas proceedings. See Wells v. King, 340 F. App'x 57, 58 (3d Cir. 2009) (holding that a federal court has no inherent power—outside of power authorized by statute; *i.e.* through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254— to overturn a state criminal conviction on the basis of fraud).

As such, I find that Petitioner's Rule 60 Motion is an improper successive habeas petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." As Petitioner has not sought permission from the United States Court of Appeals for the Third Circuit, I do not have jurisdiction to consider the case.

## IV. CONCLUSION

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). Having construed Petitioner's Motion as an improper successive habeas petition, I will transfer it to the United States Court of Appeals for the Third Circuit so that he may request leave to file it.